FILED: 3/17/2021 1:10 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 51561019
Reviewed By: Annette Vaughan

CAUSE NO. B210101-C

| | | |
|---|---|---|
| OSCAR AND BEATRICE DIXON<br>*Plaintiffs* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§<br>§ | 163rd JUDICIAL DISTRICT |
| TRAVELERS LLOYDS OF TEXAS<br>INSURANCE COMPANY<br>*Defendant* | §<br>§<br>§ | ORANGE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFFS, OSCAR AND BEATRICE DIXON (the "Plaintiffs") complaining of and against TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("TRAVELERS" or "Defendant") and hereby respectfully show unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 1 of Texas Rule Civil Procedure 190.2. In the event that the parties require a more tailored form of discovery, the parties will submit a tailored discovery control plan to the Court, but otherwise ask that all deadlines imposed by Tex. R. Civ. P. 190.2 be followed in this matter.

### II. PARTIES

2. Plaintiffs, OSCAR AND BEATRICE DIXON are individuals, residents of Orange County, Texas and are citizens of the state of Texas.

3. Defendant, TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("hereinafter Defendant Travelers") is a domestic insurance company doing business in the state of Texas and

*Plaintiffs' Original Petition*          Page 1 of 14

may be served with process through its Registered Agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. Venue is mandatory and proper in Orange County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* TEX. CIV. PRAC. & REM. CODE § 15.002).

6. Defendant Travelers engages in the business of insurance in the State of Texas. The conduct of Defendant Travelers in the State of Texas includes:

    (a)    The making and issuing of contracts of insurance with the Plaintiffs;

    (b)    The taking and receiving the application of insurance for insurance from the Plaintiffs;

    (c)    The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

    (d)    The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

7. Pursuant to Tex. R. Civ. P. 47, Plaintiffs plead that the amount in controversy is under $250,000, **excluding** interest, statutory or punitive damages and penalties, and attorney's fees and costs. *See* Tex. R. Civ. P. 47(c)(1).

### IV. CONDITIONS PRECEDENT

8. All conditions precedent to recovery have been performed, waived, or have occurred.

## V. JUDICIAL NOTICE

9. Plaintiffs request this Court take judicial notice of Title 28 of the Texas Administrative Code, specifically 28 T.A.C. §21.201 et seq. relating to "Unfair Claims Settlement Practices Rules" including 28 T.A.C. §21.203 through §21.205. *See* TEX. R. EVID. 204(b)(2).

10. Plaintiffs request this Court take judicial notice of 28 T.A.C. §5.997(a), (d)-(e), which incorporates the Texas Department of Insurance's "Consumer Bill of Rights" for homeowners, dwelling, and renter's insurance. *See* TEX. R. EVID. 204(b)(2).

## VI. AGENCY: ACTUAL/APPARENT AUTHORITY

11. At all times relevant hereto, Brennan Collins was acting as an agent of Defendant Travelers with actual or apparent authority and within the course and scope of the agency relationship. Moreover, TRAVELERS is liable for the acts and/or omissions of the Mr. Collins under the doctrine of respondeat superior.

## VII. FACTS

### A. The Policy

12. TRAVELERS sold Plaintiffs a homeowner's insurance policy, policy number 9820707106761 (hereinafter referred to as the "policy"). The policy in question contains coverage for windstorm damages. During the underwriting process, TRAVELERS determined that the risk was acceptable without any modifications, alterations, or changes to the property.

13. The insuring agreement required Plaintiffs to make payments to TRAVELERS and in exchange the insurance company would indemnify Plaintiffs in the event of a covered loss. Plaintiffs faithfully paid the required premium and the relevant policies are currently in full effect, providing property, personal property, loss of use, and other coverages.

14. Plaintiffs reasonably expected that the policy they purchased from TRAVELERS included coverage for windstorm damages, including coverage for their dwelling, other structures, personal property, debris removal, and loss of use of the property.

### B. Hurricane Laura

15. Hurricane Laura reached Category 4 status with wind speeds of 150 MPH and gust of 185 MPH as landfall was made around 1:00 AM on August 27, 2020 near Cameron, Louisiana. Hurricane Laura maintained 140 MPH wind speed with gust of 185 MPH as it passed just east of Hackberry, Louisiana. Laura maintained Category 4 status until passing Dequincy, Louisiana.

16. The property in question is less than 30 miles from passage of the eye center. Hurricane force winds extended out from the eye out sixty miles. The property in question sustained hurricane-forced winds, including gusts in excess of sustained winds, from the only Category 4 hurricane to make landfall in Louisiana.

17. On or about August 27, 2020, Plaintiffs' property sustained roof damage, as well as additional structures such as the fence and garage. In addition, Plaintiffs sustained damages for loss of use, temporary repairs, and/or food spoilage and personal property damage.

### C. The Insurance Claim

18. Plaintiffs filed a claim with their insurance company, TRAVELERS for the damages to their property caused by Hurricane Laura. Plaintiffs asked that TRAVELERS to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

19. TRAVELERS outsourced its investigative duties, claims handling, and coverage decisions to Brennan Collins. Upon information and belief, Mr. Collins did not have sufficient authority for the damages caused by the Hurricane to Mr. and Mrs. Dixon's property. Upon information and

belief, TRAVELERS knowingly put an adjuster without significant authority in charge of Mr. and Mrs. Dixon's claim.

20. On 09/06/2020, Mr. Brennan Collins finally met the Dixons to conduct the inspection. The Dixons demonstrated to the adjuster the areas of concern, including the roof, fence, garage, and personal property. Mr. Collins was licensed in 2018, just two years prior to the loss at issue. Furthermore, it appears that he is based out of South Carolina, instead of Texas, making him unfamiliar with the Texas area. It appears that Mr. Collins was probably unequipped to handle such a large loss or catastrophe claim and was not trained to ask questions concerning evacuation. He also did not account for the underlayment on the main dwelling roof, even though he agreed that the whole roof would need to be replaced. Despite the fact that Mr. Collins could see that there was a tarp on the Dixons' roof, he did not account for it in his estimate either.

21. On or about 09/08/2020, TRAVELERS provided a letter outlining its positions on the claim. Moreover, TRAVELERS used the same cursory exclusions that it does in every letter and applied them to Mr. and Mrs. Dixon's claim, without explaining how the same applied to this claim.

22. An independent assessment of the damage concluded that the damages to the property were in excess of the amount paid by TRAVELERS. In addition, to date Defendant TRAVELERS has failed to comply with the Texas Insurance Code and the contractual deadlines regarding full payment.

23. TRAVELERS failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in an improper denial of part of Plaintiffs' claim. Defendant's unreasonable investigation resulted in an improper denial of a valid claim and underpayment of proceeds due under the policy. As a result of Defendant's unreasonable investigation and handling of the claim,

the damages to Plaintiffs' property worsened. As a further cause of Defendant's acts and omissions, Plaintiffs sustained and continue to sustain damages as a result of Defendant's conduct.

24. To date, TRAVELERS continues to deny coverage for a valid claim and continues to deny payment for proceeds due under the policy. As such, Plaintiffs' claim remains unpaid and Plaintiffs have not been able to properly repair the Property.

25. TRAVELERS failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the policy. Specifically, it failed and refused to pay full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. TRAVELERS's conduct constitutes a breach of the insurance contract between TRAVELERS and Plaintiffs.

26. TRAVELERS misrepresented to Plaintiffs and ignored evidence supporting payment of the full damage on the claim. In so doing, TRAVELERS, its adjusters, and its agents violated the insurance adjusting maxim to promptly pay the claim. TRAVELERS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practice. TEX. INS. CODE §541.060 (a) (1).

27. TRAVELERS failed to attempt to settle Plaintiffs' claim in a fair and equitable manner, although TRAVELERS' liability to pay Plaintiffs was reasonably clear under the Policy. TRAVELERS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

28. TRAVELERS refused to fully compensate Plaintiffs under the terms of the Policy, even though TRAVELERS failed to conduct a reasonable investigation. Specifically, TRAVELERS performed an outcome-oriented investigation by ignoring evidence supporting coverage.

TRAVELERS' unreasonable investigation resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses and resulted in further damage to Plaintiffs' property. TRAVELERS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

29. TRAVELERS failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim, and timely making payments. TRAVELERS' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

## VIII. CAUSES OF ACTION

### A. COUNT 1: TRAVELERS breached its contract with Insureds

30. Plaintiffs incorporate by reference the above paragraphs as if stated herein more fully.

31. To prevail on a valid breach of contract claim, plaintiffs must prove that 1) there was a valid contract; 2) that plaintiffs have performed their obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiffs have sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

32. At the time Hurricane Laura damaged Plaintiffs' property, Plaintiffs had in place a policy issued by TRAVELERS. Defendant does not dispute that a valid contract was in place.

33. Plaintiffs' premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiffs fulfilled their obligations under the policy, and more specifically, executed their duties under the contract after the loss.

34. TRAVELERS wrongfully failed to comply with the terms of the contract, as it relates to its duties after loss, by failing to conduct a reasonable investigation and timely pay Plaintiffs the full benefits owed after a covered loss. TRAVELERS is therefore in breach of the contract of insurance issued to Plaintiffs.

35. TRAVELERS' conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

### B. COUNT 2: TRAVELERS violated the Deceptive Trade Practice Act

36. Plaintiffs re-incorporate by reference the above paragraphs as if stated more fully herein.

37. Plaintiffs are "consumers" as defined by TEX. BUS. & COMM. CODE § 17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from TRAVELERS and TRAVELERS violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because it engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to their detriment.

38. The acts and omissions of Defendant also constitutes violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

    a. Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

    b. Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

39. The acts and omissions of TRAVELERS was a producing cause of the Plaintiffs' damages.

40. TRAVELERS' conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and acted with a

specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

41.   Plaintiffs gave Defendant notice as required by DTPA §17.50(a), and time to respond to such notice has expired.

### C. COUNT 3: TRAVELERS violated §541 et seq. Texas Insurance Code

42.   Plaintiffs re-incorporate by reference the above paragraphs as if stated herein more fully.

43.   TRAVELERS violated the TEXAS INSURANCE CODE § 541 et seq. because it engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, its acts and omission include violation of:

    (a)   Tex. Ins. Code §541.051;

    (b)   Tex. Ins. Code §541.052;

    (c)   Tex. Ins. Code §541.059;

    (d)   engaging in unfair settlement practices by:

        (i)   misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue TEX. INS. CODE §541.060(a)(1);

        (ii)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which liability has become reasonably clear TEX. INS. CODE §541.060(a)(2);

        (iii)   failing to promptly provide Plaintiffs a reasonable explanation of the factual and legal basis in the policy for the denial of the claim TEX. INS. CODE §541.060(a)(3);

        (iv)   failing to affirm or deny coverage within a reasonable time or submit a reservation of rights letter TEX. INS. CODE §541.060(a)(4); and

        (v)   refusing to pay a claim without conducting a reasonable investigation of the claim TEX. INS. CODE §541.060(a)(7).

    (e)   misrepresenting Plaintiffs' insurance policy by:

        (i)   making an untrue statement of material fact TEX. INS. CODE §541.061(1);

(ii) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made TEX. INS. CODE §541.061(2); and

(iii) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact TEX. INS. CODE §541.061(2); and

(f) §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

44. TRAVELERS' conduct was committed knowingly because it had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

45. Plaintiffs gave TRAVELERS notice as required by §541.154 of the TEXAS INSURANCE CODE. The time to respond to such notice has expired.

46. TRAVELERS' conduct described above was a producing cause of Plaintiffs' damages.

**D. COUNT 4: TRAVELERS violated the Texas Prompt Payment of Claims Act**

47. Plaintiffs reincorporate by reference the above paragraphs as if stated herein more fully.

48. TRAVELERS violated the Texas Insurance Code §§ 542.051 et seq. and 542A.001 et seq. because it failed to do the following within the statutorily mandated time of receiving all necessary information:

(1) Failing to timely acknowledge the Plaintiffs' claim;

(2) Failing to commence an investigation of Plaintiffs' claim;

(3) Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines;

(4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

(5) Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

*Plaintiffs' Original Petition*  Page **10** of **14**

(6) Failing to pay Plaintiffs' claim or portions of the claim without delay; and

(7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

49. TRAVELERS violated the Texas Insurance Code Chapter 542 by:

(1) Knowingly misrepresented to the Plaintiffs pertinent facts or policy provisions relating to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

(3) Not attempting in good faith to effect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiffs to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiffs.

50. Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiffs request damages under Texas Insurance Code section 542.060. Plaintiffs gave notice to TRAVELERS pursuant to Texas Insurance Code §542A.003 and the time to respond to such notice has passed.

### E. COUNT 5: TRAVELERS breached its duty of good faith and fair dealing

51. Plaintiffs re-incorporate by reference the above paragraphs as if stated more fully herein.

52. TRAVELERS owed Plaintiffs a duty of good faith and fair dealing including the duty to pay covered claims when liability is reasonably clear. TRAVELERS breached this duty when it conducted an unreasonable investigation, denied Plaintiffs' claim, and misrepresented material facts because Defendant knew or should have known that it was reasonably clear that Plaintiffs' claim was covered. Defendant's breach of this duty was a proximate cause of Plaintiffs' damages.

### F. COUNT 6: Fraudulent Representation

53. Plaintiffs re-incorporate by reference the above paragraphs as if stated more fully herein.

54. TRAVELERS made various representations to the Plaintiffs regarding their claim, including material representations regarding the extent of damages sustained to Plaintiffs' home, material representations regarding policy coverages, whether or not claims were covered, the value of claim, the application of policy exclusions, and the severity of the damage which were material and false. At the time TRAVELERS made the representations, it knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Defendant made these representations with the intent that the Plaintiffs act on them by not further pursuing the claim or thinking there was no other money to recover. Plaintiffs relied on the representations and this caused injury.

55. A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of TRAVELERS constitute constructive fraud.

### IX. AMBIGUITY

56. The policy in place at the time of the date of loss, policy number 9820707106761 contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

### X. WAIVER AND ESTOPPEL

57. TRAVELERS has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs prior to the filing of this lawsuit.

### XI. DAMAGES

58. As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages all of which they are entitled to recover. Plaintiffs are entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 10 percent a year as damages, together

with reasonable attorney's fees. Plaintiffs are also entitled to recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiffs' mental anguish.

59. Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiffs are also entitled to recover treble damages because Defendant's conduct was committed knowingly.

60. Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## XII. ATTORNEY'S FEES

61. Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE CODE § 541.152 and §542.060, Plaintiffs seek recovery of their reasonable and necessary attorney's fees and court costs.

## XIII. PRAYER AND JURY DEMAND

62. For these reasons, Plaintiffs ask that they have judgment against Defendant for economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show themselves entitled. Plaintiffs request a trial by jury and tenders the appropriate fee with this petition.

Respectfully Submitted,

THE BRASHER LAW FIRM, PLLC

By: */s/ Nishi Kothari*
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
905 Orleans St.
Beaumont, Texas 77701
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for the Plaintiffs*